### McLEOD *et al. v.* DANIELS.

HILL, J. Lizzie Daniels, a married woman, purchased a certain tract of land under a parol contract from one Redding. She went into possession, made valuable improvements, and paid the purchase-money to Redding. While in possession, claiming the property as her own, one Gay purchased the land from Redding, taking a warranty deed to

the same. Thereafter Gay conveyed the land to McLeod, the son-in-law of Lizzie Daniels. Lizzie Daniels instituted an equitable suit to cancel the deeds from Redding to Gay and from Gay to McLeod, as clouds upon her title, and to compel the administrator of Redding to execute to her a deed to the land. *Held:*

1. Under the evidence the court properly instructed the jury, relatively to the plaintiff's contentions, that: "Possession of land is notice to the world of every right the possessor has therein, legal or equitable." *Garbutt* v. *Mayo,* 128 *Ga.* 269 (57 S. E. 495, 13 L. R. A. (N. S.) 58.

2. On one theory of the defense the evidence authorized a finding that the husband of the plaintiff instructed the vendor to make a deed to Gay. In view of this evidence the provision of law that "possession by the husband with the wife is presumptively his possession; but it may be rebutted" (Civil Code, § 4528) was applicable; but there was no request to so instruct the jury, and in the absence of a request the failure of the court to give in charge the rule of evidence quoted above is not reversible error.

3. The evidence was sufficient to support the verdict for the plaintiff. None of the assignments of error show cause for a reversal, and, except as dealt with in the preceding notes, are not of such character as to require elaboration.

*Judgment affirmed. All the Justices concur.*

No. 1114. JULY 16, 1919.

Equitable petition. Before Judge Hardeman. Emanuel superior court. July 20, 1918.

*F. H. Saffold,* for plaintiffs in error.

*Williams & Bradley,* contra.